# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SAMUEL BARROW, | : | |
| Plaintiff/Counterclaim Defendant, | : | Case No. 3:08cv0033 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| GENERAL MOTORS CORPORATION, | : | |
| Defendant. | : | |
| vs. | : | |
| HARCO INDUSTRIES, INC., *et al.*, | : | |
| Defendants/Counterclaimants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Samuel Barrow brings this case through counsel claiming, in part, that his former co-employers, Defendants General Motors Corporation and Harco Industries, Inc., discriminated against him in violation of his rights under federal and state law. *See* Doc. #2. The case is presently before the Court upon the Motion of All Defendants For Judgment On The Pleadings As To Count V Of The Complaint (Doc. #22), to which Plaintiff has not responded.

The standards applicable to a Motion for Judgment on the Pleadings are well established:

> 'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.' *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(6th Cir. 2007) (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.' *Id.* at 582 (internal citation and quotation marks omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008); *see Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (and cases cited therein).

In Count V of his Complaint, Plaintiff claims:

36. Defendants discharged plaintiff based on his absence from work due to an industrial injury on February 9, 2006.

37. Ohio public policy which is embodied in O.R.C. § 4123.90[2] protects employees from retaliation for pursuing workers' compensation claims.

38. Defendants' actions in discharging plaintiff violate the public policy of Ohio.

(Doc. #2 at 6)(footnote added).

Defendants contend that dismissal of the Ohio public-policy claim raised in Count V is warranted, because the Ohio Supreme Court recently held in *Bickers v. Western & Southern Life Insurance Co.*, 116 Ohio St.3d 351 (2007) that this type of action is barred. Defendants are correct: The Ohio Supreme Court held in *Bickert*, "An employee who is terminated from employment while receiving workers' compensation has no common-law cause of action for wrongful discharge in violation of the public policy underlying R.C. 4123.90, which provides the exclusive remedy for employees claiming termination in violation of rights conferred by the Workers' Compensation Act.'" *Bickert*, 116 Ohio St.3d at 357, syllabus. Thus, in light of

---

[2] Section 4123.90 states in part:

No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

2

*Bickert* and accepting as true the factual allegations set forth in Plaintiffs' Complaint, *see Tucker*, 539 F.3d at 549 – and noting that Count V of the Complaint claims a violation of an asserted Ohio public policy arising solely from Ohio Rev. Code §4123.90 – Defendants are entitled to judgment as a matter of law on the Ohio public-policy claim raised in Count V.

Accordingly, Defendants' Motion for Judgment on the Pleadings as to Count V is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motion Of All Defendants For Judgment On The Pleadings As To Count V Of The Complaint (Doc. #22) be GRANTED; and

2. Count V of the Complaint be DISMISSED.

October 15, 2008

                s/ Sharon L. Ovington
                 Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).