# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SAMUEL BARROW, | : | |
| Plaintiff, | : | Case No. 3:08cv00033 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| GENERAL MOTORS CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATION[1]

On March 12, 2012, this case[2] came before the Court upon Defendant General Motors Corporation's (GM's) Status Report (Doc. #57), whereby it appeared from the Status Report and attached Exhibit A that Plaintiff settled his claims in this action and agreed to dismiss the case with prejudice within 30 days of entering into the agreement on April 28, 2011. (Doc. #57-1). Based on this information, the Court Ordered Plaintiff to show cause, in writing, why this case should not be dismissed pursuant to the terms of the settlement agreement. (Doc. #58). Plaintiff was provided until March 22, 2012, to show cause, and was specifically "place[d] on notice that if he does not file a timely response to

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Pursuant to this Court's Order on June 4, 2009, this case is currently stayed under 11 U.S.C. § 362(a). (Doc. #45).

th[e] Order to Show Cause, this case may be dismissed." (*Id.*).

As the deadline has passed and Plaintiff has not filed a timely response, and because this Court has been advised by Defendant GM's counsel that the matters have been settled, IT IS RECOMMENDED that the stay be lifted and the case DISMISSED with prejudice.

March 23, 2012                                                                                    s/ Sharon L. Ovington
                                                                                                         Sharon L. Ovington
                                                                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).